David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338
dh@henderson-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMANTHA R. HARRISON, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:19-cv-00017-HRH |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**Plaintiff Harrison's Reply to Defendant United States' Opposition to Her "Conditional Motion for an Enlargement of Time . . ." at Dkt. 73**

Plaintiff Samantha Harrison [hereinafter "Samantha"] replies as follows:

- Rule 56(d) is the ***appropriate relief-mechanism*** in this situation -- that is, where, because of emerging competency or qualification issues, a witness has become unavailable.[1]

---

[1] *See* Dkt. 30, p. 5, footnotes 4 and 5 and accompanying text; Dkt. 39, pp. 3-4, footnotes 12 and 13 and accompanying text, and; Dkt. 68, p. 3, footnote 2 and accompanying text -- *citing Trujillo v. United States*, 2018 WL 1729345, *3 (D. Ariz. 2018); *Rasor v. Northwest Hospital, LLC*, 243 Ariz. 160, 403 P.3d 572, 577, 578 (2017), and; *St. George v. Plimpton*, 241 Ariz. 163, 384 P.3d 1243, 1248 (Ariz. App. 2016).

- Indeed, one court has gone so far as to **_deny_** an extension **_because_** Rule 56(d)-relief had **_not been sought_**.²

- Contrary to the Government's argument, the Rule is **_not confined_** to situations where a party needs to conduct ***additional discovery***.³

- The Government ignores Samantha's authority on these points, and persists in arguing that Rule 56(d) is inappropriate.⁴

- It does cite several cases recognizing a court may discretionarily deny Rule 56(d) relief if discovery deadlines have passed.⁵ That is undoubtedly true.

---

² *See Trujillo*, *supra*, 2018 WL 1729345 at *3 -- *citing Rasor v. Northwest Hosp., LLC*, 243 Ariz. 160, 403 P.3d 572, 577, 578 (2017).

³ *See* Dkt. 38, pp. 4-5 and Dkt. 73, pp. 4-5, section denominated "Legal Standard." *See e.g.*, *Carbaugh v. Pangborn Corp.*, 2001 WL 121769, *2 (D. Md. 2001) -- "Rule 56(f) continuances are not limited to situations where a party needs discovery from another party.", and; 11 *Moore's Federal Practice -- Civil*, § 56.100 (2020 Edition) -- "[t]he state of discovery . . . does not dictate the availability of Rule 56(d) relief." [Former Rule 56(f) has been re-lettered as 56(d). *See* Dkt. 30, p. 5, footnote 3.]

⁴ *Cf.* Samantha's Motion at Dkt. 68, p. 3, footnote 2 and accompanying text with the Government's Opposition in its entirety at Dkt. 73, especially pp. 4-5, section denominated "Legal Standard." In past briefing, the Government has attempted to deal with *Trujillo* and *Rasor*. *See* Dkt. 38, pp. 4-5. But its analysis doesn't effectively refute Samantha's underlying point, which is that Rule 56(d) is the appropriate procedural mechanism where a dispositive motion is pending, and a needed witness becomes unavailable due to witness competency issues. *Id.*

⁵ *See* Dkt. 73, p. 4 -- *citing Grassmueck v. Potala Vill., LLC*, 2018 WL 2984831, *8 (W. D. Wash. 2018); *Robben v. Carson City*, 2015 WL 1280726, *4 (D. Nev. 2015), and; *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006).

But they ***don't say*** courts ***must*** deny relief, and they ***don't say*** Rule 56(d) is ***never available*** once deadlines have passed.

- Unlike the fact-patterns presented in the Government's cases, ***Samantha has diligently pursued discovery***.[6] This isn't a case where she's asking for more time to propound interrogatories or request production in order to make up for lack of diligence.[7]

- Notably, the Government itself seems to acknowledge that it, too, has completed all of the discovery it needs, and welcomes a decision on its Rule-56 motion at Dkt. 63.[8]

---

[6] In each of the Government's cited cases, the party seeking an extension had not been diligent. *See Grassmueck v. Potala Vill., LLC*, *supra*, 2018 WL 2984831 at *8 -- the movant ". . . fail[ed] to obtain the requested discovery during the discovery period[]" [editorials applied]; *Robben v. Carson City*, *supra*, 2015 WL 1280726 at *4 -- the movant failed to state what facts additional discovery would reveal or that those facts would raise a triable issue, and; *Cornwell v. Electra Cent. Credit Union*, *supra*, 439 F.3d at 1026-27 -- the moving party had not diligently pursued discovery on the point in question.

[7] In *Cornwell*, *supra*, the Ninth Circuit recognized that "a district court ***abuses its discretion*** . . . if the movant diligently pursued previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Id.* at 1026 -- *quoting Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002); internal quotations and brackets omitted. Both of those elements are manifestly present here.

[8] It states, "[d]iscovery is closed and the Court has a complete record to decide whether to grant summary judgment in light of Dr. Staley's opinions and expert qualifications." Dkt. 73, p. 2, top [editorials applied]. And: ". . . after the United States files its reply in support of summary judgment, the Court will have a fully briefed motion that is ripe for decision." *See* Dkt. 73, p. 6, top. In light of such statements, it's hard to understand why the Government

- Samantha concurs. She welcomes a decision as soon as possible -- so long as she isn't thrown out of court on the sole ground that her standard-of-care witness happens to have become unavailable.[9] If the court is actually entertaining such a dismissal, she'll need more time to designate a replacement under Rule 56(d).

- Doing that won't take long. The undersigned has already consulted with a substitute expert who is ready to step in if and when this court grants leave.[10]

Under the circumstances, a short Rule 56(d) extension seems easily warranted.

DATED this 2nd day of March, 2021 at Anchorage, Alaska.

    LAW OFFICES OF DAVID HENDERSON

    Attorneys for Plaintiff

    /s/ David Henderson
    David Henderson, ABA#9806014

---

characterizes Samantha's motion as one to "reopen discovery." The only "reopening of discovery" will be to designate a substitute expert; to serve a substitute expert report under FRCP 26(a)(2)(B), and; to reset some expert-related deadlines to accommodate any need ***the Government might have*** for more information concerning the substitute expert.

[9] The Government has been working laboriously toward that outcome ever since it learned that Dr. Staley's license had lapsed. *See* Dkts. 20, 21, 22, 37, 38, 53, 54, 55, 60, 63, and 73. As it itself declares in one of its briefs, ". . . without expert testimony on the standard of care, Plaintiff ***has*** no case." Dkt. 63, p. 2 [emphasis added.] It makes the same point at Dkt. 20; Dkt. 21, p. 2, and; Dkt. 53, p. 2, bottom paragraph. Getting this case thrown out based on Dr. Staley's licensing woes appears to be the Government's sole strategy in this case.

[10] *See e.g.*, Dkt. 31, p. 2, ¶¶ 3-6, and Dkt. 57, p. 2, last sentence.

*Harrison v. U.S.A .* Case No. 3:19-cv-00017-HRH     Page 4 of 5

Case 3:19-cv-00017-HRH Document 74 Filed 03/02/21 Page 4 of 5

**CERTIFICATE OF SERVICE**

I certify that on 3/2/21,
the foregoing was sent by e-mal to
John Fonstad, Asst. U.S. Attorney
*John.Fonstad@usdoj.gov*

/s/ Teresea Van Dyke